**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

PEGGY DOMINGUEZ,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No. CIV-18-254-BMJ
                                    )
NANCY A. BERRYHILL, Acting          )
Commissioner of Social Security     )
Administration,                     )
                                    )
            Defendant.              )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Peggy Dominguez, seeks judicial review of the Social Security Administration's

(SSA) denial of her applications for disability insurance benefits (DIB) and supplemental security

income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a

United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the

Administrative Record (AR) [Doc. No. 12], and both parties have briefed their positions.[1] For the

reasons set forth below, the Court affirms the Commissioner's decision.

**I.       Procedural Background**

On March 15, 2017, an Administrative Law Judge (ALJ) issued an unfavorable decision

finding Plaintiff is not disabled and, therefore, not entitled to DIB or SSI. AR 13-21. The Appeals

Council denied Plaintiff's request for review. *Id.* at 1-4. Accordingly, the ALJ's decision

constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th

Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination.

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations.  *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920.  The ALJ first determined that Plaintiff meets the insured status requirement through December 31, 2018 and has not engaged in substantial gainful activity since February 1, 2015, her alleged onset date.  AR 15.

At step two, the ALJ determined Plaintiff suffers from a severe ventral hernia impairment. *Id*.  Then, at step three, the ALJ found Plaintiff's impairment does not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.  *Id.* at 16.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she:

> [can] perform light work . . . except [she] is limited to lifting up to 10 pounds occasionally and lifting/carrying less than 10 pounds frequently.  She is limited to standing or walking 6 hours out of an 8-hour workday and sitting 6 hours out of an 8-hour workday.  She must avoid concentrated exposure to vibrations and work hazards such as unprotected heights and being around dangerous moving machinery.

*Id.* at 16.

At step four, the ALJ determined Plaintiff cannot perform her past relevant work.  *See id.* at 19.  Finally, relying on the testimony of a vocational expert (VE), the ALJ found at step five that Plaintiff can perform other work as a hand packer or assembler, both existing in significant numbers in the national economy.  *Id.* at 19-20.  Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act.  *Id*. at 20.

**III.** **Claims Presented for Judicial Review**

Plaintiff alleges that: (1) the ALJ erred in defining her work ability as "light" because her lifting limitations fall into the category of "sedentary;" (2) the ALJ erred in relying on the VE's testimony that Plaintiff can perform the "light" jobs of hand packer and/or assembler; and (3) because her RFC should have reflected that she was limited to "sedentary" work, Plaintiff is automatically disabled under the relevant regulations. *See* Pl.'s Br. at 8-13.

**IV.** **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, it does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.** **Analysis**

**A.** **The ALJ's RFC Assessment**

Plaintiff first alleges that the ALJ erred in finding that she can perform "light" work because her lifting limitations fall into the "sedentary" category. *See* Pl.'s Br. at 8-9. The Court disagrees and affirms on this claim.

Per the regulations,

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting
> or carrying of objects weighing up to 10 pounds. Even though the weight lifted
> may be very little, a job is in this category when it requires a good deal of walking
> or standing, or when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls.

20 C.F.R. §§ 404.1567(a)-(b); 416.967(a)-(b). The regulations have generally defined "light" work as requiring "'standing or walking, off and on, for a total of approximately 6 hours of an 8-hour work day.'" *Anders v. Berryhill*, 688 F. App'x 514, 521 (10th Cir. 2017) (citation omitted).

According to Plaintiff, her RFC places her in the "sedentary" work category because of her lifting limitations. However, in *Anders*, the Tenth Circuit rejected an almost identical argument. There, the claimant had been found capable of performing "light" work, including the ability to stand and/or walk for "6 total hours in an 8-hour workday," but was limited to "lifting 8.5 pounds occasionally and up to 5 pounds more than occasionally." *Id.* at 517. On appeal, the claimant argued that his RFC finding was "equivalent to sedentary work" because of his lifting limitations, but the court disagreed, holding:

> Certainly, the lifting limitation is in line with that of sedentary work, which
> 'involves lifting no more than 10 pounds at a time and occasionally lifting or
> carrying articles like docket files, ledgers, and small tools[.]' And the ALJ did state
> Anders could sit for as much as six hours, which is consistent with sedentary work.
> But the ALJ also found Anders could stand and walk for 6 hours of an 8-hour
> workday . . ., which is consistent with light work. Thus the ALJ's RFC was for
> light work, albeit not the full range of light work.

*Id.* at 521 (citations and parentheticals omitted).

As in *Anders*, the ALJ here found Plaintiff's ability to perform "light" work was reduced by her lifting limitations, but he otherwise found her capable of performing the standing and/or walking requirements for "light" work. *See supra* at 2, 4. This "RFC correspond[s] with a reduced range of light work, not with, as [Plaintiff] seems to imply, sedentary work[.]" *Anders*, 688 F. App'x at 520; *see also, e.g., Smith v. Berryhill*, No. 4:16-cv-431-GBC, 2018 WL 1535482, at *7-

8 (N.D. Okla. Mar. 29, 2018) (unpublished order) (relying on *Anders* in rejecting plaintiff's claim that the "ALJ determined an RFC of light work with limitations to wrongly avoid sedentary" because the RFC properly included standing and/or walking abilities that fell into the "light" category). So, the Court affirms on this ground.

### B.     The VE's Testimony

Plaintiff next alleges that the ALJ erred in relying on the VE's testimony for two reasons. First, Plaintiff claims that the VE's testimony improperly conflicted with the Dictionary of Occupational Titles (DOT) without explanation. *See* Pl.'s Br. at 9-10. Reversal is not warranted on this ground. That is, the Court agrees that an ALJ "must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). Here, however, the ALJ complied with this requirement.

For example, the ALJ first asked the VE if jobs were available for a hypothetical claimant capable of "occasionally lifting up to 20 pounds" and frequently lifting "and carrying up to 10 pounds." AR 63. The VE testified that person could perform the jobs of hand packer (DOT #920.687-018) and assembler (DOT #222.687-014). *Id.* at 63-64. Next, the ALJ asked the VE to consider the same hypothetical claimant but assume that they were capable of only occasionally lifting "up to ten pounds, and frequent[ly] lifting/carrying less than ten pounds." *Id.* at 64. The following exchange then took place:

> VE:  Well, I would reduce the number[] [of jobs] about 50% to allow for packaging and assembly of items that would be less than 20 pounds or as much as 10 pounds.
>
>          . . . .

ALJ: Okay. But these jobs that remain, they're still at the light exertional level, and they're light because of the . . . standing and walking?

VE: Yes.

ALJ: But just some of the industries, the lifting isn't quite as much?

VE: There are lighter items that are assembled, small plastic products, small boxes, items that are ten pounds or less.

ALJ: Okay. Now, in response to that question, is your testimony consistent with the [DOT]?

VE: Based on professional experience and job analysis.

ALJ: Is that because it's inconsistent or tell me about that?

VE: It's not addressed in the DOT or supplemental publications.

*Id.* at 64-65.

Based on this exchange, the Court finds no error. Contrary to Plaintiff's interpretation, *see* Pl.'s Br. at 9, it is clear the VE was referencing both the hand packer and assembler jobs in the discussion. And, any apparent conflict between the VE's testimony and the DOT was reasonably answered for the ALJ.[2] *See, e.g., Anders*, 688 F. App'x at 520 (finding no error where the VE testified that plaintiff's lifting limitations would reduce the number of "light" jobs available and when asked if the testimony conflicted with the DOT, the VE testified she had drawn "on her own education and experience"); *see also Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (finding the VE reasonably explained any apparent conflict between the expert testimony and the DOT, because "the VE . . . testified that in his professional placement experience, the job of hand

---

[2] Plaintiff claims that the VE's testimony about the existence of "lighter items that are assembled, small plastic products, small boxes, items that are ten pounds or less" cannot possibly apply to the job of hand packer, because that job relates to the laundry industry. Pl.'s Br. at 10 (arguing that the DOT describes the job as "assembling laundered uniforms and linen" and thus the VE's reference to plastic products and small boxes "makes no sense"). But the hand packer job also involves using plastic materials and removing and replacing boxes. *See* DOT 920.687-018.

packager can be done at the sedentary level" and thus "the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability").

Second, Plaintiff claims that the ALJ offered "an inaccurate hypothetical question to the VE" because the ALJ informed the VE that the hypothetical claimant could perform "light" work, and Plaintiff can perform only "sedentary" work. Pl.'s Br. at 11. Because the Court finds the ALJ did not error in assessing Plaintiff's RFC to include "light" work, *see supra* at 3-5, this argument is without merit. Accordingly, the Court affirms on Plaintiff's challenges to the VE's testimony.

C. **Plaintiff's Alleged Entitlement to Disability Under the Relevant Regulations**

Finally, Plaintiff claims that because her RFC should have reflected that she was limited to "sedentary" work, and because she is "approaching advanced age" and cannot return to past work, she is automatically disabled under the relevant regulations. Pl.'s Br. at 12-13. This argument is again premised on Plaintiff's faulty theory that the ALJ erred in finding she could perform "light" as opposed to "sedentary" work based on her lifting limitations. As that underlying argument fails, *see supra* at 3-5, the Court finds this claim meritless and affirms on this ground.

VI. **Conclusion**

The ALJ properly concluded that Plaintiff has the RFC for "light" work despite her lifting limitations and the VE reasonably explained any conflict between the expert testimony and the DOT. Accordingly, the decision of the Commissioner is AFFIRMED.

ENTERED this 17th day of September, 2018.

_____

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE